UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                            Plaintiffs,

              -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                            Defendants.

-------------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
KIM BERG
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York         )
                         ) ss:
County of Westchester   )

      KIM BERG, being duly sworn, deposes and says:

      1.   I am an attorney duly admitted to practice before this Court and an associate with Lovett & Gould LLP, attorneys for Plaintiffs in the above captioned matter. I submit this affidavit on Plaintiffs' behalf in opposition to Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      2.   Annexed hereto as Exhibit 1 is a copy of the Affidavit of William C. Duffelmeyer.

      3.   Annexed hereto as Exhibit 2 is a copy of the Affidavit of Michael Walther.

      4.   Annexed hereto as Exhibit 3 is a copy of the Affidavit of Steven Heisler.

5. Annexed hereto as Exhibit 4 is a copy of the Affidavit of Jeff Nardi.

6. Annexed hereto as Exhibit 5 is a copy of the Affidavit of Stephen M. Carpiniello.

7. Annexed hereto as Exhibit 6 is a copy of the Affidavit of Edward Arce.

8. Annexed hereto as Exhibit 7 is a copy of the Affidavit of Ralph Tancredi.

9. Annexed hereto as Exhibit 8 is a copy of the Affidavit of Peter DeVittorio.

10. Annexed hereto as Exhibit 9 is a copy of the Affidavit of Michael Marinelli.

11. Annexed hereto as Exhibit 10 is a copy of the Affidavit of Arthur Marinelli.

12. Annexed hereto as Exhibit 11 is a copy of the "History" section of the New York State Association of Chiefs of Police website on June 28, 2007.

13. Annexed hereto as Exhibit 12 is a copy of the "Chief David R. Hall" section posted on the Harrisonpolice.com website as of June 28, 2007.

14. Annexed hereto as Exhibit 13 is a copy of the Complaint with annexed March 28, 2007 correspondence from Plaintiffs to the Board of Police Commissioners and Captain Anthony Marraccini.

WHEREFORE it is respectfully submitted that Defendants' motion to dismiss should be denied in all respects.

_____
KIM BERG

Sworn to before me this
5th day of July, 2007.

_____
Notary Public

ANN B. FRANK
Notary Public, State of New York
No. 01FR5022348
Qualified in Westchester County
Commission Expires January 10, 20 10

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                           Plaintiffs,

          -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                         Defendants.

------------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
WILLIAM C. DUFFELMEYER
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York        )
                        ) ss:
County of Westchester  )

      William C. Duffelmeyer, being duly sworn, deposes and says:

      1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

      2. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about the subject matters contained in the March 28, 2007 correspondence.

      3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall, Captain Marraccini, Edward Arce, Steven Heisler and myself were in attendance. At that

meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone, including each other, about the matters contained in the March 28th letter.

4. At that time, my co-plaintiff Edward Arce requested permission to speak with any attorney and permission was denied.

5. We were then given a packet of questions to answer by Lieutenant Marshall and Captain Marraccini pertaining to the $2500.00 check, what we knew about the circumstances surrounding the issuance and cashing of that check, who we told about that incident, and who else was aware of any facts pertaining to the incident.

6. After I completed my answers to the questions, Captain Marraccini and Lieutenant Marshall reviewed my responses. They then stated to me that my answers were not responsive and, in what I perceived to be a threatening manner, told me to modify my responses.

7. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

8. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall.   Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

9. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

10.    I have seen a copy of the May 24, 2007 letter from Assistant District
Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation
has been completed.

11.    Despite the fact that the investigation has been concluded, the order
gagging my free speech activities remains in effect. It has not been modified or rescinded.

12.    Approximately two to three weeks ago, Chief David Hall stated to me
"you must think I am a fucking idiot if you think I changed the check."  I responded by
indicating I stated what I was advised pertaining to that issue. Chief Hall referenced that
there were "only twelve" of us who signed the letter (referring to the March 28, 2007
correspondence) and I responded by indicating people were scared.  Chief Hall then
directly: stated to me that he was going to sue "you guys" so we could see what if feels
like; stated to me that we "should be scared"; and accused me of having "no loyalty" and
stormed out of my presence.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss
be denied in all respects.

_____
William C. Duffelmeyer

Sworn to before me this
28th day of June, 2007.

_____
Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 20 10

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                              Plaintiffs,

                -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                              Defendants.

---------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
MICHAEL WALTHER
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York          )
                           ) ss:
County of Westchester      )

Michael Walther, being duly sworn, deposes and says:

1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

2. I was personally advised by Karen Williams of the Brae Burn County Club that Chief David Hall was the individual who picked up the check in question, namely #1013 in the amount of $2500.00, that is the subject of the March 28th correspondence to the Board of Police Commissioners.

3. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini

directly ordered me (and my other co-plaintiffs) not to speak with anyone about the subject matters contained in the March 28, 2007 correspondence.

4. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

5. In fact, I have fully complied with the order issued by Lieutenant Marshall and Captain Marraccini.

6. I am currently the union's Vice President. In that capacity, I have certain responsibilities pertaining to providing information to the union's membership, including about funds and accounting for same. Although I felt it was my responsibility to advise the membership of the circumstances surrounding the $2500.00 donation from Brae Burn County Club, I was prevented from doing so and am still being prevented from discussing the matter as a result of the aforementioned order to silence me.

7. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern and to associate with the union has been actually chilled.

8. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

9. I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

10.     Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

11.     In fact, after the Assistant District Attorney Hughes issued the May 24, 2007 letter I specifically asked Captain Marraccini whether that meant I could now discuss the matter. Captain Marraccini's response was that he did not know. He then stated "I guess" you can discuss it. However, due to the inconsistency and hesitation in his responses to me, I asked Captain Marraccini to put in writing that I was able to now discuss the matter. Marraccini then stated he would not do so. Under the circumstances, I believe the gag order remains in effect and I continue to comply with its terms.

12.     In addition, I was advised by Captain Marraccini in Chief Hall's presence that they were going to bring me up on disciplinary charges for signing the March 28, 2007 letter to the Board of Police Commissioners but instead decided that I would receive a letter criticizing my actions.

13.     Further, since the filing of the instant lawsuit, and on or about May 4, 2007, Chief Hall stated to me the he was "disappointed" in the fact that I was a party to the instant lawsuit and accused me of being a "wedge" in the Department (in other words someone who was dividing the Department).

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

_____
Michael Walther

Sworn to before me this
3rd day of July, 2007.
_____
Notary Public

DRITA NICAJ
Notary Public, State of New York
No. 02NI6000376
Qualified in Putnam County
Commission Expires 12/15/20 09

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                              Plaintiffs,

             -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                         Defendants.

----------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
STEVEN HEISLER
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

| State of New York | ) |
| | ) ss: |
| County of Westchester | ) |

     Steven Heisler, being duly sworn, deposes and says:

     1. I am a Plaintiff in the above captioned matter and I submit this affidavit in

opposition to Defendants' motion to dismiss the Complaint.

     2. As alleged in the Complaint, after the March 28, 2007 correspondence was

delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini

directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about

the subject matters contained in the March 28, 2007 correspondence.

     3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall,

Captain Marraccini, Edward Arce, William Duffelmeyer and myself were in attendance.

At that meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone, including each other, about the matters contained in the March 28th letter.

4. At that time, my co-plaintiff Edward Arce requested permission to speak with any attorney and permission was denied.

5. We were then given a packet of questions to answer by Lieutenant Marshall and Captain Marraccini pertaining to the $2500.00 check, what we knew about the circumstances surrounding the issuance and cashing of that check, who we told about that incident, and who else was aware of any facts pertaining to the incident.

6. After I completed my answers to the questions, Captain Marraccini and Lieutenant Marshall reviewed my responses. They then told me to modify some of the responses that I gave by adding information to the answers.

7. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

8. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall.   Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

9. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

10.    I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

11.    Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

_____
Steven Heisler

Sworn to before me this
28th day of June, 2007.

_____
Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 2010

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
JEFF NARDI
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

       Plaintiffs,

    -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

       Defendants.

--------------------------------------------------------x

State of New York    )
           ) ss:
County of Westchester  )

   Jeff Nardi, being duly sworn, deposes and says:

   1. I am a Plaintiff in the above captioned matter and I submit this affidavit in

opposition to Defendants' motion to dismiss the Complaint.

   2. As alleged in the Complaint, after the March 28, 2007 correspondence was

delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini

directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about

the subject matters contained in the March 28, 2007 correspondence.

   3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall,

Captain Marraccini, Arthur Marinelli, Michael Marinelli and myself were in attendance.

At that meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone, including each other, about the matters contained in the March 28th letter.

4. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

5. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

6. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

7. I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

8. Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

_____
Jeff Nardi

Sworn to before me this
2nd day of July 2007.

_____
Notary Public

**KIM BERG**
**Notary Public, State of New York**
**Qualified in Rockland County**
**Reg. No. 02BE5061682**
**Commission Expires September 13, 20 10**

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                                       Plaintiffs,

              -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                                   Defendants.

----------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
STEPHEN M. CARPINIELLO
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York        )
                             ) ss:
County of Westchester   )

      Stephen M. Carpiniello, being duly sworn, deposes and says:

      1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

      2. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall telephoned me at my residence, advised me he was relaying a message from Captain Marraccini that I was prohibited from speaking with anyone about the subject matters contained in the March 28, 2007 correspondence.

3. I personally understood that if I failed to comply with an order issued to me by my superior via Lieutenant Marshall in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

4. I have complied with the order.

5. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

6. To date, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.


_Stephen M. Carpiniello_
Stephen M. Carpiniello

Sworn to before me this
3rd day of July, 2007.

_Notary Public_
Notary Public

DRITA NICAJ
Notary Public, State of New York
No. 02NI6000376
Qualified in Putnam County
Commission Expires 12/15/2009

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                        Plaintiffs,

         -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                        Defendants.

-------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
EDWARD ARCE
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York        )
                      ) ss:
County of Westchester   )

    Edward Arce, being duly sworn, deposes and says:

    1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

    2. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about the subject matters contained in the March 28, 2007 correspondence.

    3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall, Captain Marraccini, William Duffelmeyer, Steven Heisler and myself were in attendance.

At that meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone, including each other, about the matters contained in the March 28th letter.

4. At that time, I requested permission to speak with any attorney and permission was denied.

5. We were given a packet of questions to answer by Lieutenant Marshall and Captain Marraccini pertaining to the $2500.00 check, what we knew about the circumstances surrounding the issuance and cashing of that check, who we told about that incident, and who else was aware of any facts pertaining to the incident.

6. After I completed my answers to the questions, Captain Marraccini and Lieutenant Marshall reviewed my responses. They then stated to me that my answers were not responsive and, in what I perceived to be a threatening manner, several times told me to modify my responses.

7. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

8. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

9. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

10.     I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

11.     Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

12.     I am a member of the Board of the Harrison Police Association. As such, I have a responsibility to advise the union's membership of actions taken by the union and on matters pertaining to issues such as funding or donations. As a result of the order issued silencing my ability to speak about the $2500 donation, my rights to associate with the union have been directly impeded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

Edward Arce

Sworn to before me this
2nd day of July, 2007.

Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 2010

**EXHIBIT 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,       07 Civ. 2807 (WP4) (MDF)
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,             **AFFIDAVIT OF**
and ARTHUR MARINELLI,                      **RALPH TANCREDI**
                                           **IN OPPOSITION TO**
                         Plaintiffs,       **DEFENDANTS' MOTION**
                                           **TO DISMISS**
             -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                         Defendants.

----------------------------------------------------------x

State of New York          )
                           ) ss:
County of Westchester      )

  Ralph Tancredi, being duly sworn, deposes and says:

  1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

  2. As indicated in the March 28, 2007 letter to the Board of Police Commissioners and Captain Anthony Marraccini, attached to the Complaint in this action, I was personally advised by several individuals from the Brae Burn County Club that Chief David Hall was the individual who picked up the check in question, namely #1013 in the amount of $2500.00, that is the subject of the March 28th correspondence. More

specifically, I spoke with Marie Conte (Comptroller) and Bob Meyers (General Manager) both of whom advised me of these "facts."

3. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall directly ordered me (and my other co-plaintiffs) not to speak with anyone about the subject matters contained in the March 28, 2007 correspondence. When I inquired of Marshall as to the scope of this order silencing me, Marhsall in substance responded that the order was very broad in that I was ordered not to speak with anyone at all, including both internally and outside the department, unless I was asked about it by an agency as part of an investigation.

4. Marshall also advised me at the time that he was "directed" to issue that order to me. At the time, the only individuals higher in the chain of command than him were Captain Anthony Marraccini and Chief David Hall.

5. I personally understood that if I failed to comply with an order issued to me by my superior, namely Lieutenant Marshall in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

6. In fact, I have fully complied with the order issued by Lieutenant Marshall.

7. I am currently the union's President. In that capacity, I have certain responsibilities pertaining to funds and accounting for same on behalf of the union. I have on several occasions been asked by union members about the status of the $2500 donation. On each occasion, I have advised the union members that I am prohibited from discussing the matter.

8. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern and to associate with the union has been actually chilled.

9. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

10.    I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

11.    Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

12.    I have also been advised that since the filing of the instant lawsuit, the New York State Chiefs of Police Association has returned to $2500.00 to the Brae Burn County Club.

13.    The Brae Burn Country Club administration has also advised me that they will be giving that $2500.00 to the Harrison Police Association – the original intendent recipient of the donation.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

Ralph Tancredi

Sworn to before me this
28th day of June, 2007.

Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 20 10

**EXHIBIT 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
PETER DeVITTORIO
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

                              Plaintiffs,

             -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                             Defendants.

--------------------------------------------------------x

State of New York        )
                         ) ss:
County of Westchester  )

      Peter DeVittorio, being duly sworn, deposes and says:

      1. I am a Plaintiff in the above captioned matter and I submit this affidavit in

opposition to Defendants' motion to dismiss the Complaint.

      2. As alleged in the Complaint, after the March 28, 2007 correspondence was

delivered to the Board, Lieutenant Lawrence Marshall directly ordered me (and some of

my other co-plaintiffs) not to speak with anyone about the subject matters contained in

the March 28, 2007 correspondence.

3. I personally understood that if I failed to comply with an order issued to me by my superior, namely Lieutenant Marshall, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

4. In fact, I have fully complied with the order issued by Lieutenant Marshall. Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

5. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

6. I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

7. Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

Peter DeVittorio

Sworn to before me this
5th 2nd day of July, 2007.

Notary Public

**KIM BERG**
**Notary Public, State of New York**
**Qualified in Rockland County**
**Reg. No. 02BE5061682**
**Commission Expires September 13, 20 10**

**EXHIBIT 9**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                    Plaintiffs,

        -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                  Defendants.

--------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
MICHAEL MARINELLI
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

State of New York       )
                         ) ss:
County of Westchester  )

      Michael Marinelli, being duly sworn, deposes and says:

      1. I am a Plaintiff in the above captioned matter and I submit this affidavit in

opposition to Defendants' motion to dismiss the Complaint.

      2. As alleged in the Complaint, after the March 28, 2007 correspondence was

delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini

directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about

the subject matters contained in the March 28, 2007 correspondence.

      3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall,

Captain Marraccini, Jeff Nardi, Arthur Marinelli and myself were in attendance. At that

meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone about the matters contained in the March 28th letter.

4. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

5. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall.  Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

6. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

7. I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

8. Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

Michael Marinelli

Sworn to before me this
2nd day of July, 2007.

Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 20__

**EXHIBIT 10**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                          Plaintiffs,

         -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                       Defendants.

-------------------------------------------------------x

07 Civ. 2807 (WP4) (MDF)

**AFFIDAVIT OF
ARTHUR MARINELLI
IN OPPOSITION TO
DEFENDANTS' MOTION
TO DISMISS**

| | |
|---|---|
| State of New York | ) |
| | ) ss: |
| County of Westchester | ) |

    Arthur Marinelli, being duly sworn, deposes and says:

    1. I am a Plaintiff in the above captioned matter and I submit this affidavit in opposition to Defendants' motion to dismiss the Complaint.

    2. As alleged in the Complaint, after the March 28, 2007 correspondence was delivered to the Board, Lieutenant Lawrence Marshall and Captain Anthony Marraccini directly ordered me (and some of my other co-plaintiffs) not to speak with anyone about the subject matters contained in the March 28, 2007 correspondence.

    3. In fact, I was ordered to attend a meeting at which Lieutenant Marshall, Captain Marraccini, Jeff Nardi, Michael Marinelli and myself were in attendance. At that

meeting, both the Lieutenant and Captain told us that we were not allowed to talk to anyone, including each other, about the matters contained in the March 28th letter.

4. I personally understood that if I failed to comply with an order issued to me by my superiors, namely Lieutenant Marshall and Captain Marraccini in this case, that I could and would in fact be the subject of disciplinary charges for failing to obey a direct order and/or insubordination.

5. In fact, I have fully complied with the order issued by Captain Marraccini and Lieutenant Marshall.   Thus, as a proximate result of Defendants' conduct my right to speak on matters of public concern has been actually chilled.

6. Since the commencement of the instant lawsuit, I understand that the District Attorney's Office conducted an "investigation" into the allegations contained in the March 28, 2007 letter to the Board of Police Commissioners.

7. I have seen a copy of the May 24, 2007 letter from Assistant District Attorney Michael F. Hughes to the Town/Village Board indicating that the investigation has been completed.

8. Despite the fact that the investigation has been concluded, the order gagging my free speech activities remains in effect. It has not been modified or rescinded.

WHEREFORE it is respectfully submitted that the Defendants' motion to dismiss be denied in all respects.

_____
Arthur Marinelli

Sworn to before me this
2nd day of July 2007.

_____
Notary Public

KIM BERG
Notary Public, State of New York
Qualified in Rockland County
Reg. No. 02BE5061682
Commission Expires September 13, 20 10

**EXHIBIT 11**



# New York State Association of Chiefs of Police I

## Courage Leadership and Professionalism

Home
About Us ▶
Board of Officers ▶
Buyers Guide
C.O.P.A.N.Y.
Counsels Corner
Employment Opportunities
Executive Director Report
GTSC Liaison Report
History ▶
Links
Membership Application ▶
News
State Zones
Training Programs
Training Conference
Contact Us
Members Forum

**Please Visit Our Buyers Guide**





Accreditation



Fight Crime Invest In Kids.

**Join Our Mailing List. Get updates from the NY Chiefs.**

◉ Subscribe
◯ Unsubscribe

# History

This is a reprint from a 1916 Association conference publication.

The New York State Association of Chiefs of Police was founded in 1901. The idea of such an organization finding its inception in the mind of Joseph P. Cleary, Chief of Police, Rochester, who discovering that the sentiment he vice was felt by many others, succeeded in gathering together the chiefs of the police departments of several cities and villages of this State, to warrant the calling of a meeting to formulate plans to place the organization on a definite footing and this meeting, the first one in the History of the Association, was held in that city on Saturday, November 30, 1901.

In acceptance of an invitation extended by Chief of Police Joseph P. Cleary of Rochester, there assembled in that city on Saturday, November 30, 1901, chiefs of the police departments of the several cities and villages of this State.

Present at the meeting were these chiefs: William Dinan, Niagara Falls; John F. Ryan, North Tonawanda; George H. McGlynn, Ogdensburg; Joseph P. Cleary, Rochester; Charles F. Cleveland, Utica; William Coughlin, Troy; H. G. Beeman, Canandaigua; James Ryan, Corning; J. F. Sherber, Gloversville; Frank J. Cassada, Elmira; Charles E. McMaster, Auburn; Daniel Kane, Geneva; Charles A. Barry, Rome; Ewing E. Barnes, Cortland; John O'Day, Tonawanda; William S. Bull, superintendent of police, Buffalo; James A. Taggert, secretary police department, Buffalo; Charles Molyneux, Lockport.

The meeting was called to order in the common council chamber of Chief cleary, who introduced Mayor Carnahan. The mayor graciously welcomed the visitors to his city and warmly commended the purpose animating the gathering.

Chief Cleary was unanimously chosen as the temporary presiding officer, and Chief Cleveland was in the same manner selected as temporary secretary.

On motion of Chief Cleveland, the chair was authorized to name a committee of five to perfect a permanent organization. The chair designated as such committee: Chief Cleveland of Utica; Superintendent Bull, of Buffalo; Chief Cassada, of Elmira; Chief McMaster, of Auburn; Chief Dinan, of Niagara Falls.

The committee on permanent organization, after due deliberation, reported in favor of a permanent organization; that the officers of such organization be a president, vice-president and secretary and treasurer;

E-Mail Address

Submit

that stated meetings be held four times in each year; that the dues of members of the association be fixed at the sum of $2.50 per year; that the next meeting of the association be held in the city of Utica; that the officers of the association for the first year be: President, Joseph P. Cleary, Rochester; Vice-President, William S. Bull, Buffalo; Secretary and Treasurer, William Coughlin, Troy.

The foregoing report was, after discussion, adopted in its entirety and without amendment. On motion of Chief Cassada, the chair was empowered to name a committee to act as a board of governors and auditing committee. Pursuant to such authorization the chair named Superintendent Bull of Buffalo, and Chiefs Cassada of Elmira, and McMaster of Auburn, to serve respectively, three, two, and one years, each.

On motion of Superintendent Bull of Buffalo, the chair was authorized to appoint a committee of five to prepare a constitution and by-laws. In pursuance of such authority the chair designated as such committee: Superintendent Bull, of Buffalo, Chiefs Cassada, of Elmira; Coughliin, of Troy; Ryan, of Tonawanda; Molyneux, of Lockport.

Superintendent Bull suggested that the scope of the association be fixed in a definite manner. A rule on this subject would be a great aid to the committee on constitution in its labors.

On motion of Chief Molyneux, of Lockport, it was decided that the membership of the organization consist of the salaried superintendents and chiefs of police of the several incorporated cities and villages of the State.

After the close of the business meeting the members witnessed an exhibition of a new burglar alarm invented by S. Schwartschild of Rochester. Subsequently the members were the guests of Chief Cleary and visited many places of interest in that beautiful city.

The next regular meeting was held at Utica, New York, April 8, 1902.

There were present at this meeting the following Chiefs of Police, William S. Bull, Buffalo, William Coughlin, Troy; Thomas Barry, Rome; J. F. Ryan, North Tonawanda; Frank J. Cassada, Elmira; Charles Molyneux, Lockport; E. Barnes, Cortland; M. J. Hickey, Hornellsville; Charles E. McMaster, Auburn; Fred C. Treat, Johnstown; August Halling, Little Falls; J. Fred Sherber, Gloversville; James L. Hyatt, Albany; Charles J. McCabe, Poughkeepsie; William Moore, Binghamton; James Ryan, Corning; Daniel Kane, Geneva; Henry G. Beeman, Canandaigua.

These together with those present at the first meeting constitute the Charter Members of the Association in accordance with the resolution passed at the first meeting of the association. At this meeting it was decided to hold meetings of the association annually instead of quarterly as proposed at the first meeting, this rule is still in effect and meetings are now held annually.

The next meeting was held at Elmira, New York, November 29, 1902. At