"law made it clear that the [order at issue]… violated the First Amendment…in light of the substantial precedent establishing its invalidity." Nichols, 974 F.Supp. at 260. Defendants are therefore not entitled to qualified immunity. Id.

## B. The Claims against Chief Hall should not be dismissed

Defendants also assert that the claims against Chief Hall should be dismissed because of a failure to allege his personal involvement in the alleged constitutional deprivation (Defendants' Memorandum of Law, pp. 19-20).

However, contrary to Defendants' claims, the Complaint in fact alleges that Chief Hall was involved in the directive to investigate and "in that connection" the order gagging Plaintiffs' speech and associational activities (Complt. ¶¶8-10).

Of course, there is nothing in the record from Chief Hall, Lieutenant Marshall, or Captain Marraccini denying under oath that Chief Hall directed the gag order be imposed.

Furthermore, as evidenced by Tancredi's affidavit, when Marshall issued the order to Tancredi he specifically advised Tancredi that he (Marshall) was "directed" to issue the silence order. At that time, the only individuals who could have directed Marshall to issue the order were Chief Hall and Captain Marraccini (Tancredi Aff. ¶4).[8]

Under the circumstances, and especially without the benefit of any discovery, the claim against Chief Hall should not be dismissed.

---

[8] At minimum, if the Court is inclined to dismiss the claims on the pleading as against Chief Hall, the dismissal should be without prejudice and with leave for Plaintiffs to submit an amended pleading to include specifically these facts contained in Tancredi's affidavit. See Duncan v. Keane, 1995 WL 649931 (S.D.N.Y. 1995).

23

## POINT IV

## THE TOWN/VILLAGE OF HARRISON IS A PROPER DEFENDANT

In evaluating the municipality's authority, it is well settled that "[w]here an official has final authority over significant matters involving the exercise of discretion, the choices he makes represents government policy." Clue v. Johnson, 179 F.3d 57, 62 (2nd Cir. 1999) *citing* Rookard v. Health & Hosps. Corp, 710 F.2d 41, 45 (2nd Cir. 1983). Even a "single act of a municipal officer is sufficient to establish municipal liability if that individual officer is possessive of 'final policy-making authority with respect to the area in which the action is taken.'" Rucci v. Thoubboron, 68 F.Supp.2d 311, 325 (S.D.N.Y. 1999), *citing* McMilian v. Monroe Cty., 520 U.S. 781, 785 (1997); *see also* Mandell v. County of Suffolk, 316 F.3d 368, 385 (2nd Cir. 2003) (same).

Here, the actions of Chief Hall, Captain Marraccini and Lieutenant Marshall were all concerted and for the purpose of silencing Plaintiffs in violation of the First Amendment. To that end, Defendants argument that the actions of Lieutenant Marshall are insufficient to bind the municipality ignores the allegations in the Complaint with respect to Lieutenant Marshall acting at the direction of Chief Hall (Complt. ¶¶8-9).

Even Defendants cannot dispute that the actions of the Chief of Police are those taken by one with final policymaking authority sufficient to hold the Town/Village liable. For even though the Board of Police Commissioners may have the authority to adopt and enforce rules with respect to the police department, it is the Chief who has the authority to run the day to day operations, including issuing directives to its members such as Plaintiffs. No one can seriously or credibly dispute the Chief's authority in that regard.

As alleged in the Complaint, and supported by the affidavits of the various Plaintiffs, the same order was issued to each of them gagging them from discussing the facts and circumstances surrounding the theft of monies intended to be donated to the Harrison Police Association but instead taken by the Chiefs of Police Association. That identical order was issued by both Captain Marraccini and/or Lieutenant Marshall to each of the Plaintiffs in either a one-on-one discussion or in a group setting. And when Lieutenant Marshall advised Plaintiff Tancredi of the order silencing his speech Marshall specifically stated he was "directed" to give that order. The only individuals higher in the chain of command than Marshall were Captain Marraccini and Chief Hall (Tancredi Aff. ¶4; Complt. ¶¶8-9).

Under the circumstances, it is patently clear that the order chilling Plaintiffs in the exercise of their First Amendment activities was an order issued and carried out by policymakers of the Town/Village. In fact, as discovery surely will prove, these three individuals acted under the authority vested in them by virtue of their positions with the Town/Village and more specifically the authority they had over Plaintiffs to issue them orders as their superiors in the Town/Village's Police Department.

As a result, the claim against the Town/Village should not be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied in all respects.

Dated: White Plains, NY
July 9, 2007

LOVETT & GOULD LLP
By: /s/ Kim Berg
Kim Berg (KB/1425)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401

25