UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD ARCE,
RALPH TANCREDI, PETER T. DeVITTORIO,
MICHAEL MARINELLI, and ARTHUR
MARINELLI,

                Plaintiffs,

- against -

LAWRENCE MARSHALL, individually, DAVID
HALL, individually, and the TOWN/VILLAGE OF
HARRISON, NEW YORK,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 07-2807
(WP4) (MDF)

**AFFIDAVIT**

STATE OF NEW YORK   )
                             ) ss.
COUNTY OF WESTCHESTER )

ANTHONY MARRACCINI, being duly sworn, deposes and says:

1. I am a police officer in the Town/Village of Harrison Police Department ("Town"). I have been employed as a police officer by the Town for over 22 years. Presently, I hold the rank of Captain. I am submitting this affidavit in support of the Defendants' motion to dismiss the complaint in the above-captioned matter and/or for dismissal against the individual defendants based on qualified immunity.

2. On Friday, March 30, 2007, I received a copy of the March 28, 2007 complaint signed by most of the Plaintiffs essentially accusing the Town/Village of Harrison Chief of Police, David Hall, of stealing PBA Funds. Because this complaint alleged criminal conduct, I immediately commenced an investigation. At that time I did not notify the Chief of Police about

the complaint. As it turns out, the Chief of Police was leaving for a convention and therefore was in Lexington, Kentucky as of April 1, 2007.

3. On Saturday, March 31, 2007, I, along with Lieutenant Lawrence Marshall, conducted an investigation in this matter. We contacted the individuals who had signed the March 28, 2007 letter and directed that they report to the Department on Saturday where they would be asked to answer questions about their knowledge of the alleged crimes. Most, but not all of these individuals were able to report to the Department on Saturday. In some cases, however, the Plaintiffs' answers to the questions were not responsive and therefore these individuals were ordered to provide a more detailed response to the inquiry.

4. Each individual was informed that while the investigation was pending, they should not discuss this matter with others. The obvious reason for this was that I wanted to obtain the unvarnished testimony of each individual. Allowing the individuals to discuss their testimony with others could influence those others in what they might say and report. I wanted to get to the bottom of this as soon as possible. At no time did I threaten any Plaintiff with any discharge or any form of discipline if they violated the directive. Rather, I merely advised them that they should not speak to anyone about this matter while the investigation was pending. Indeed, upon information and belief, *all* of the individual officers had already advised me that they were not planning to discuss this matters with other law enforcement agencies. The March 28, 2007 letter states:

> If we are not comfortable or disagree with the results of your investigation, we reserve the right as potential crime victims to pursue the matter with another law enforcement agency.

5. I made the decision to require these individuals not to discuss the complaint with others. Indeed, at the time I interviewed the individual Plaintiffs, I had not even discussed this matter with the Chief. The first time I told the Chief of Police about the allegations was on

2

Sunday, April 1, 2007 by telephone. The Chief was obviously disturbed about the allegations and indicated to me that at no time was he aware of any charges or the alleged stolen check.

6.    Ultimately, the Town Board decided that this matter should be turned over to the Westchester District Attorney's office so that it could complete the investigation. As this Court is aware, the Chief of Police was entirely exonerated by the investigation report issued by that office.

7.    The Chief of Police has already issued a memorandum advising that any of the officers were free to discuss this issue with whomever they chose to do so. *See* Exhibit 1. Because the investigation was no longer pending, there no longer was a need for the order. To suggest that the Plaintiffs could not speak about this issue after the investigation closed is simply not the case.

                                                                   s/Anthony Marraccini
                                                                     Anthony Marraccini

Sworn to before me this
20 day of July, 2007

s/Donna M. Pellicci
      Notary Public

   DONNA M. PELLICCI
Notary Public, State of New York
    No. 01PE6133617
Qualified in Westchester County
Term Expires September 19, 2009

3

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic service upon the following parties and participants:

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
Attorney for Plaintiffs

                                                  s/    Mark N. Reinharz
                                                      Mark N. Reinharz (6201)
                                            Bond, Schoeneck & King, PLLC
                                            Attorneys for Defendant James Holden
                                            1399 Franklin Avenue, Suite 200
                                            Garden City, New York  11530