USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD ARCE,
RALPH TANCREDI, PETER DeVITTORIO,
MICHAEL MARINELLI, and ARTHUR
MARINELLI,

               Plaintiffs,

-v-

LAWRENCE MARSHALL, individually, DAVID
HALL, individually, and TOWN/VILLAGE OF
HARRISON, NEW YORK,

               Defendants.

Case No. 07-CV-2807 (KMK) (MDF)

ORDER

---

KENNETH M. KARAS, District Judge:

    Plaintiffs William C. Duffelmeyer, Michael Walther, Steven Heisler, Jeff Nardi, Stephen M. Carpiniello, Edward Arce, Ralph Tancredi, Peter DeVittorio, Michael Marinelli, and Arthur Marinelli (collectively, "Plaintiffs") are members of the police department of Defendant Town/Village of Harrison, New York ("Harrison"). Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging that Harrison, its police lieutenant (Defendant Lawrence Marshall ("Lieutenant Marshall")), and its chief of police (Defendant David Hall ("Chief Hall")) violated Plaintiffs' First Amendment rights by imposing on them a "gag order" prohibiting them from discussing alleged events that, as formulated by Plaintiffs, suggest improper and possibly criminal actions of Chief Hall. Defendants move to dismiss the Complaint for failure to state a claim or, in the alternative, for dismissal against Lieutenant Marshall and Chief Hall on the basis of qualified immunity. Magistrate Judge Mark D. Fox, to whom this motion was referred,

recommended that the Court deny it in its entirety. For the reasons stated in the Report and Recommendation of Magistrate Judge Fox and in this Order, the Motion to Dismiss is DENIED.

## I. Background

Plaintiffs filed their Complaint on April 6, 2007. On May 30, 2007, Defendants filed this Motion to Dismiss, which was fully briefed on July 24, 2007. The Motion was referred to Magistrate Judge Mark D. Fox for report and recommendation, and Judge Fox held oral argument on August 2, 2007.[1] On October 15, 2007, Magistrate Judge Fox issued a Report and Recommendation ("R&R"), which concluded that the Court should deny the Motion to Dismiss.

Defendants filed timely Objections to the R&R, which are as follows:

(1) The R&R failed to apply the correct "plausibility" standard of review stated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007);

(2) The R&R failed to consider documents integral to the Complaint;

(3) Plaintiffs failed to plead any chill to their First Amendment rights;

(4) Lieutenant Marshall's directive to Plaintiffs did not violate Plaintiffs' First Amendment rights;

(5) Defendant Harrison should be dismissed for Plaintiffs' failure to plead grounds of municipal liability; and

(6) Defendants Lieutenant Marshall and Chief Hall should be dismissed for failure to plead their personal involvement in a constitutional deprivation or in the alternative on grounds of qualified immunity.

---

[1] This case was initially managed pursuant to the Standing Order of Chief Judge Kimba M. Wood dated December 19, 2006. (Docket No. 2.) On August 6, 2007, it was reassigned to this Court.

2

Plaintiffs neither filed objections nor responded to Defendants' objections.

## II. Discussion

A. Standard of Review

The Court reviews issues raised by Defendants' timely and specific Objections to the R&R under a de novo standard. *See* Fed. R. Civ. P. 72(b). It reviews the remainder of the R&R for clear error only.

Defendants seek dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Supreme Court has recently clarified the standard for review on a Rule 12(b)(6) motion to dismiss. *See Twombly*, 127 S. Ct. at 1964-65. In so doing, the Supreme Court abandoned reliance on the oft-quoted refrain from *Conley v. Gibson* that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]" 355 U.S. 41, 45-46 (1957). *Twombly*, 127 S.Ct. at 1964-69. Instead, the Court emphasized that "[f]actual allegations must be enough to raise a right to relief above the speculative level[,]" *id.* at 1965, and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint[,]" *id.* at 1969. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (concluding that *Twombly* requires a flexible "plausibility standard," that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."). If Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 127 S. Ct. at 1974.

3

When considering a Rule 12(b)(6) motion, a court must limit itself to facts stated in the complaint, documents attached to the complaint, and documents incorporated into the complaint. *See Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). A court may also consider public records. *See Tornheim v. Eason*, 363 F. Supp. 2d 674, 676 (S.D.N.Y. 2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (allowing defendant to produce securities private placement documents with its motion to dismiss that were integral to, but not attached to, complaint). The Court will accept as true Plaintiffs' allegations, and draw all inferences in Plaintiffs' favor. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); *Blimpie Int'l, Inc. v. Blimpie of the Keys*, 371 F. Supp. 2d 469, 470-71 (S.D.N.Y. 2005). At this stage, however, the Court is not concerned with weighing the evidence that would be presented at trial. *See Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005).

B. Plaintiffs' First Amendment Claim

Considering the Objections raised by Defendants, the Court reaches the same conclusion as did Magistrate Judge Fox that Plaintiffs have stated a valid Section 1983 claim for violation of their First Amendment rights, even if barely.

A Section 1983 claim for violation of First Amendment rights has three elements. Plaintiffs must ultimately prove that: "(1) [they] ha[ve] an interest protected by the First Amendment; (2) [Defendants'] actions were motivated or substantially caused by [their] exercise of that right; and (3) [Defendants'] actions effectively chilled the exercise of [their] First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see also Balaber-*

*Strauss v. Town/Vill. of Harrison*, 405 F. Supp. 2d 427, 432 (S.D.N.Y. 2005) (applying *Curley* to a motion to dismiss). Magistrate Judge Fox concluded that Defendants "apparently concede that the complaint meets the first two elements for purposes of the Rule 12(b)(6) motion," and that as to the third element, "Plaintiffs have sufficiently alleged that Defendants' actions caused a change in their behavior." (R&R 6-8.) Each of the first four of Defendants' specific Objections would, if credited, potentially upset this conclusion.

### i. Magistrate Judge's Applied Standard of Review

Defendants object that Magistrate Judge Fox applied an incorrect standard of review in light of *Twombly*. (Obj. 6-8.) Defendants state that although Judge Fox discussed *Twombly* and its Second Circuit progeny in stating the standard of review (R&R 4), he nevertheless employed the phrase "no set of facts which would support a claim entitled to relief," (*id.* 11). The "no set of facts" statement appears to the Court to be a stray remark rather than evidence that Judge Fox failed to apply *Twombly*. In any event, Defendants have not pointed to any conclusion of the R&R that turns on a misapplication of the *Twombly* standard. This Court finds that Magistrate Judge Fox applied the correct standard of review or alternatively that the correct standard of review leads to the same conclusions as those reached by Judge Fox.

### ii. Consideration of Additional Documents

Defendants' also object that Magistrate Judge Fox failed to consider five documents integral to the Complaint. (*Id.* 8-9.)

Defendants correctly observe that the Court may consider documents attached to the Complaint or incorporated into it. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument

5

attached to it as an exhibit or any statements or documents incorporated in it by reference, . . . [as well as] documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."). Yet none of the documents pointed to by Defendants falls within the category of documents cognizable at this stage. *Cf. Israel Disc. Bank of N.Y.*, 199 F.3d at 107 (reversing Rule 12(b)(6) dismissal where district court credited defendants' assertion that insurance policy referenced in complaint was of different date than complaint suggested); *Newman & Schwartz*, 102 F.3d at 662 (reversing Rule 12(b)(6) dismissal where "the court improperly relied upon extra-complaint information").

First, Defendants submit that Magistrate Judge Fox failed to consider factual statements in Defendants' own Memorandum of Law in support of this motion. (Obj. 8.) There is no basis in the law for such an Objection. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1364 (3d ed. 2004) ("Memoranda and briefs presented by counsel . . . to support or oppose a Rule 12(b) motion . . . represent the arguments of counsel [and] their content probably does not qualify as evidence for purposes of the motion."); *see also Kramer v. Scientific Control Corp.*, 365 F. Supp. 780, 791 (E.D. Pa. 1973) (holding that court could not credit factual assertion in defendant's brief on motion to dismiss). Accordingly, the Court rejects it.

Second, Defendants submit that Magistrate Judge Fox failed to consider evidence submitted by them, including: (i) what is purported to be a memorandum of Chief Hall dated July 13, 2007; and (ii) affidavits of Chief Hall and of Captain Anthony Marraccini ("Captain Marraccini"). (Obj. 8.) Again, there is no basis in the law for considering evidence submitted by Defendants on a Motion to Dismiss. Accordingly, the Court rejects the Objection as to these

submissions.

Third, Defendants submit that Magistrate Judge Fox failed to consider an Investigation Report issued by the Westchester County District Attorney dated May 25, 2007. (*Id.* 8.) Although such a report may be a public document of which the Court could take judicial notice (a question the Court need not and does not decide here), Defendants have pointed to no legal authority – and the Court is aware of none – by which such a report might have preclusive effect or influence the plausibility determination on Defendants' Motion to Dismiss. In short, the Investigation Report cannot immunize Defendants from suit, no matter what it concludes. Accordingly, the Court rejects the Objection as to the Investigation Report.

Lastly, Defendants submit that Magistrate Judge Fox failed to consider Plaintiffs' own affidavits that Defendants assert "confirm[] that no threat of discipline had been made . . . ." (*Id.* 9.) Even if the Court looks to these affidavits, there is nothing in them that makes Plaintiffs' claim implausible. Taking, for example, the affidavit of Plaintiff William Duffelmeyer, he alleges a meeting in which Captain Marraccini and Lieutenant Marshall threatened him with "disciplinary charges for failing to obey a direct order and/or insubordination." (Aff. of William C. Duffelmeyer ¶¶ 3-7.) As discussed *infra*, Plaintiffs will ultimately have to prove this to succeed in their lawsuit. But there is nothing in the affidavits that would demonstrate the Complaint to be defective on this Motion to Dismiss. Accordingly, the Court rejects the Objection as to Plaintiffs' affidavits.[2]

---

[2] Of course, if the affidavits ultimately contradict Plaintiffs' Complaint, counsel might have some explaining to do under Federal Rule of Civil Procedure 11.

7

### iii. First Amendment Chill

Defendants object to the conclusion of Magistrate Judge Fox that "the 'gag order' . . . could be found to imply retaliatory and disciplinary measures." (Obj. 10; R&R 7.) The substance of Defendants' objections is that Judge Fox incorrectly relied on Plaintiffs' statement of their subjective belief that they were under threat of discipline when something more was required. This is a correct statement of the law as to the ultimate burden of proof: "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm . . . ." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972); *see Curley*, 268 F.3d at 73 (applying *Laird*). But, to survive at the motion to dismiss stage, Plaintiffs are merely required to plead enough to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 127 S. Ct. at 1974. They have done so here.

As Magistrate Judge Fox observed, under the facts alleged in the Complaint, Plaintiffs did not seek other action on their grievances with Chief Hall after the alleged gag order, notwithstanding their prior indications that they would do so. (R&R 7-8.) As did Judge Fox, the Court concludes such an allegation is sufficient to survive this Motion to Dismiss.

### iv. Lieutenant Marshall's Directive to Plaintiffs

The Court has reviewed Defendants' Objection claiming that the gag order Plaintiffs allege was issued by Lieutenant Marshall did not violate Plaintiffs' First Amendment rights. (Obj. 12-18.) Having reviewed the matter de novo, the Court finds this Objection without merit and adopts the findings and conclusions of Magistrate Judge Fox that Plaintiffs have made sufficient allegations here to state a claim. (R&R 6-8.)

8

C. Municipal Liability of Harrison

Under *Monell v. Department of Social Services*, a municipal government may be "held liable [under Section 1983 where] action pursuant to official municipal policy of some nature caused a constitutional tort," but not simply for employing a tortfeasor. 436 U.S. 658, 691 (1978). Magistrate Judge Fox concluded that Defendants' Motion to Dismiss "is premature insofar as it seeks to dismiss this action against the Town for failure to allege policymaking authority." (R&R 13.) Specifically, he found that "the Court lacks sufficient information at this stage of the litigation to rule, as a matter of law, that Lieutenant Marshall or Chief Hall were not final policymakers as to the 'gag order' at issue." (*Id.* 13.) Defendants object on two grounds: first, that Plaintiffs have failed to allege an unconstitutional claim or policy; and second, that neither Lieutenant Marshall nor Chief Hall could have been a policymaker. (Obj. 19-22.) Both arguments fail.

Defendants state that the Complaint "does not allege the existence of any official custom or policy that caused Plaintiffs to suffer a constitutional deprivation" and merely alleges violation of a constitutional right in conclusory fashion. (Obj. 19.) The Supreme Court has explained, however, that:

> [A] government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Here, the question really amounts to

9

whether the challenged conduct was taken by the municipality's policymaker in an official capacity. *See Gronowski v. Spencer*, 424 F.3d 285, 296 (2d Cir. 2005) ("Where a city official has final authority over significant matters involving the exercise of discretion, his choices represent government policy." (internal quotation marks omitted)). Thus, Defendants' two-pronged Objection as to the municipal liability of Harrison collapses into one.

The remaining part of the challenge to Harrison's municipal liability is whether Chief Hall was a municipal policymaker.[3] Like Magistrate Judge Fox, the Court concludes that this issue is not yet ripe for determination.

Defendants' Objections contend that the issue is resolvable as a matter of law because there is "clear statutory authority upon which to determine that Chief Hall is not a final policymaker for purposes of administering the Town/Village Police Department." (Obj. 21.) But Defendants' statutory and case citations do not support this conclusion.

First, Defendants point to a state law governing "[e]mployment of village policemen and establishment, organization and operation of police departments in the villages of Westchester county." N.Y. Unconsol. Laws § 5711-q. The provision cited by Defendants states: "The board of trustees or municipal board acting as police commissioners of any village, may make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department of such village, and the members thereof." *Id.* § 5711-q(8). Defendants read this law to provide that the Chief cannot establish policies for department

---

[3] The Court finds that, on the face of the Complaint, Lieutenant Marshall could not be a final policymaker. The Complaint alleges that he took the relevant action at the direction of his superior officer, Chief Hall. Thus, Plaintiffs' claim for municipal liability is dependent on the theory that Chief Hall was a final policymaker and that he directed the allegedly improper actions against Plaintiffs.

10

administration. It is not clear to the Court, however, how such a conclusion follows from the cited statutory text.

Second, Defendants string cite four cases they suggest are examples of a court reaching such a determination. (Obj. 21.) Each of these cases, however, was at the summary judgment stage and does not support Defendants' points here. *See, e.g., Allen v. City of New York*, No. 03-CV-2829, 2007 WL 24796, at *20 (S.D.N.Y. Jan. 3, 2007) (holding on summary judgment that defendant's evidence that NYPD chief was a "final policymaker" was "insufficient"); *Russo v. City of Hartford*, 341 F. Supp. 2d 85, 108 (D. Conn. 2004) (holding on summary judgment that Hartford police chief was not final policymaker on basis of statutory vesting of authority and examination of formal review mechanism).

Ultimately, it is Plaintiffs' burden to show as a matter of law that Chief Hall was the final policymaker for Harrison on this issue. *See Jeffes v. Barnes*, 208 F.3d 49, 57-58 (2d Cir. 2000) (holding that burden was correctly placed on plaintiff at summary judgment). It remains to be seen how Plaintiffs will meet this burden but, because the Court cannot now conclude that Plaintiff's claim is implausible, Defendants' Motion to Dismiss Defendant Harrison is DENIED.

D. Individual Liability of Lieutenant Marshall and Chief Hall

Defendants contend that Chief Hall should be dismissed on grounds that Plaintiffs did not plead his personal involvement in any violation of Plaintiffs' constitutional rights and, further, that both Chief Hall and Lieutenant Marshall should be dismissed on grounds that they are entitled to qualified immunity. (Obj. 22-25.)

The Court adopts the reasoning of Magistrate Judge Fox with regard to the sufficiency of Plaintiffs' allegations of the personal involvement of Chief Hall in a deprivation of Plaintiffs'

constitutional rights. (R&R 14.) The Complaint sufficiently alleges personal involvement such that Chief Hall cannot be dismissed.

Defendants' Objections correctly state the standard for qualified immunity. (Obj. 23.) "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: '(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007) (quoting *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002)). Defendants also correctly assert that "[b]ecause qualified immunity is an immunity from suit – not merely an immunity from judgment – assertions of qualified immunity should be addressed as early as possible in the judicial process." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003). Defendants argue that the Court should find qualified immunity to protect Chief Hall and Lieutenant Marshall here. (Obj. 23-25.)

Defendants premise this Objection on the statement that in "accordance with their understanding of the law as it then existed, Lt. Marshall and Chief Hall acted entirely in good faith." (Obj. 25.) Such a premise, however, reflects only Defendants' view of the facts and not the allegations in the Complaint. The Complaint alleges that "Hall directed Marshall and others in the administration of the Police Department to investigate the PBA members' complaint – not with a view towards ascertaining if a crime had been committed, but rather with the self-serving objective of covering-up [his own] crime and silencing the Plaintiffs." (Compl. ¶ 8.) There is no fair reading of this allegation – that the police chief was using his office to cover up for his own criminal conduct – that would allow the Court to conclude at this stage that "it was objectively reasonable for the defendant to believe that his action did not violate [the] law." *See Russo*, 479

12

F.3d at 211.

Qualified immunity is a closer call with respect to Lieutenant Marshall because the Complaint does not expressly allege his motive, as it does for Chief Hall. Nevertheless, plaintiffs facing a motion to dismiss are "entitled to all reasonable inferences from the facts alleged [including] those that defeat the immunity defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Qualified immunity is appropriately denied because it is a plausible inference from the Complaint that Lieutenant Marshall shared Chief Hall's motive. In the alternative, because the scope of the gag order is unclear (and the dispute about it unresolvable at this stage), any reasonable belief of Lieutenant Marshall that it was lawful cannot now be ascertained.

Defendants face "a formidable hurdle" by asserting qualified immunity on a Motion to Dismiss. *Id.* at 434. Because they fail to clear it, the Motion to Dismiss Defendants Hall and Marshall on ground of qualified immunity is DENIED.

### III. Conclusion

As noted by Magistrate Judge Fox, the Second Circuit has cautioned that "even if [the court] think[s] it highly unlikely that [plaintiffs] will be able to prove [their] allegations, that fact does not justify dismissal for failure to state a claim, for Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998) (internal quotation marks omitted). The Court makes no conclusions beyond the appropriateness of this caution. The Court trusts, however, that the Parties are proceeding in this litigation (and in the many cases before the Court between these Plaintiffs and Defendants or others closely connected to them) for no purpose other than

the speedy resolution of meritorious claims brought in good faith.[1]

For the reasons stated in the Report and Recommendation of Magistrate Judge Fox and in this Order, Defendants' Motion to Dismiss is DENIED. The Clerk of Court is respectfully directed to terminate the pending Motion (Docket No. 8).

SO ORDERED.

Dated:  March 24, 2008
        White Plains, New York

                                         KENNETH M. KARAS
                                         UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware of the following related lawsuits: *DeVittorio v. Hall*, No. 07-CV-812 (WCC); *Carpiniello v. Hall*, No. 07-CV-1956 (WCC); *Tancredi v. Hall*, No. 07-CV-7485 (WCC); *Tancredi v. Malfitano*, No. 07-CV-9617 (WCC); *Duffelmeyer v. Malfitano*, No. 07-CV-11352 (KMK); and *DeVittorio v. Malfitano*, No. 07-CV-11353 (WCC).

14

Service List

By ECF:

Jonathan Lovett, Esq.
Lovett & Gould
222 Bloomingdale Road, Suite 305
White Plains, N.Y. 10605

Mark N. Reinharz, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, N.Y. 13202


Copy To:

The Honorable Mark D. Fox
United States Magistrate Judge